BYRON *v.* BYRON.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE.

Decree granting divorce to plaintiff husband on ground of extreme cruelty of wife is affirmed on *de novo* review, where examination of the record presented discloses testimony supporting trial court's conclusion based on questions of fact and credibility of witnesses.

2. SAME—COSTS.

No costs are allowed on defendant wife's appeal from decree of divorce granted to plaintiff husband.

Appeal from Wayne; Baum (Victor J.), J. Submitted January 4, 1962. (Docket No. 33, Calendar No. 49,319.) Decided May 17, 1962.

Bill by Howard T. Byron against Rose J. Byron for divorce on ground of extreme and repeated cruelty. Cross bill for separate maintenance. Decree for plaintiff. Defendant appeals asking only dismissal of bill. Affirmed.

*Shirley T. Johnson,* for plaintiff.

*Dell & Shantz (Harry N. Dell,* of counsel), for defendant.

DETHMERS, J. Plaintiff husband was granted a divorce. Defendant wife appeals, asking that the decree be reversed and a decree enter here dismissing plaintiff's bill of complaint. She seeks no

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation §§ 437, 439.
[2] 17 Am Jur, Divorce and Separation § 630.

affirmative relief. The usual squabble about child custody, alimony, and property settlement is absent. Was defendant guilty of conduct amounting to extreme cruelty, entitling plaintiff to divorce and, if so, was he guilty of like or equally reprehensible conduct, barring his right thereto? That question sums up the contentions in the case.

Defendant cites the well known statutory provisions as to grounds for divorce, CL 1948, §§ 552.6–552.8 (Stat Ann 1957 Rev §§ 25.86–25.88), and says plaintiff failed to prove any here. She also cites CL 1948, § 552.10 (Stat Ann 1957 Rev § 25.90), and *Roxborough* v. *Roxborough,* 269 Mich 569, for the proposition that a plaintiff who does not come into equity with clean hands, but is guilty of like offenses as charged against defendant, cannot secure a divorce. Such, she says, are the facts here. Plaintiff says the contrary, on both scores, as to the facts.

If plaintiff's testimony and proofs are to be believed, he has established extreme cruelty on defendant's part, and freedom from misconduct on his part sufficient to prevent divorce. If defendant's testimony and proofs are accepted as true, the divorce should not be allowed. We come, then, to questions of fact and the credibility of witnesses. The trial judge accepted as more plausible and, therefore, as true, plaintiff's contentions, rejecting defendant's claims.

It would not profit the parties, profession or public to recount in this opinion what the parties say about each other. Although we hear the case *de novo,* examination of the record does not persuade us that had we been in the position of the trial judge we would have decided otherwise. Decree affirmed. No costs.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.